# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. CUSHING,

        Plaintiff

against

STUDENT LOAN MARKETING
ASSOCIATION, AS TRUSTEE FOR THE
SLM STUDENT LOAN TRUST 2003-3;
NATIONAL ENTERPRISE SYSTEMS;
NAVIENT, INC.

        Defendants

**Case No. 16-595**

**PLAINTIFF' FIRST AMENDED COMPLAINT**

**FILED**

JUN 27 2016

MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

David J. Cushing, (hereinafter referred as "Plaintiff"), pursuant to a Court order allowing Plaintiff leave to amend his Complaint, herein alleges as follows:

This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FCRA, the FDCPA, and Section 5 of the FTC Act, with respect to a student loan which was obtained on or about January 1, 2002.

## PARTIES

Plaintiff is a citizen and domiciled in the county of Bucks, State of Pennsylvania and resides at 4201 Neshaminy Blvd., Suite 10821. Bensalem, PA 19020-1609.

Defendant Student Loan Marketing Association, as trustee ("SALLEMAE") is a governmental sponsored issuer of student loans across the United States. SALLEMAE is being named in this action as the legal trustee and is the real party to this action *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 (1980) which states in relevant part, '[A] trustee is a real party to the controversy for the purposes of diversity …"

SALLEMAE possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others, therefore satisfies the jurisdictional requirements pursuant to 28 U.S.C.¶ 1332(a). Alternatively, Defendant SALLIEMAE uses instrumentalities of interstate commerce and the mails in a business, the principal purpose of which is the enforcement of security interests. As such Defendant is, at minimum, a debt collector for the purposes of 15 U.S.C. § 1692f(6).

Defendant National Enterprise Systems ("NES") is a collections agency which works in parallel with SALLIEMAE to collect on delinquent student loan debts and preys upon those who have defaulted on their obligations. Alternatively, Defendant NES uses instrumentalities of interstate commerce and the mails in a business, the principal purpose of which is the enforcement of security interests. As such Defendant is, at minimum a debt collector for the purposes of 15 U.S.C. § 1692f(6).

NES was assigned to collect the alleged delinquent amount of $47,757.90.

Defendant Navient, Inc. ("NAVIENT") is a collections agency which works in conjunction with SALLIEMAE to collect on delinquent student loan debts and preys upon those who have defaulted on their obligations. As such Defendant is, at minimum a debt collector for the purposes of 15 U.S.C. § 1692f(6).

2

Defendants, and all of them are "debt collectors," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a (6). As part of its debt collection activities, Defendants furnish information to Credit Reporting Agencies ("CRA"). As such, Defendants are categorized as a person subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a CRA.

## JURISDICTION

This Court has jurisdiction to hear this case pursuant to 15 U.S.C. Section 1692k.

## GENERAL ALLEGATIONS

This case arises out of a delinquent student loan obligation, subsequent securitization of the Loan as well as illegal collection efforts commenced against Plaintiff by the named Defendants in this action.

Plaintiff's student loan was part of a subsidized Stafford loan program, where the interest rate on the loan was reduced by federal funds.

Defendants violated 15 U.S.C. § 1692f (6) by taking and threatening to take judicial action to effect dispossession or disablement of property in the form of Plaintiff's bank accounts and employment when there was no present right to collect through an enforceable security interest.

Defendants violated 15 U.S.C. § 1692f (1) by demanding fees and charges that were not due under the Loan, in order to cure.

As a direct result of the foregoing, Plaintiff has been damaged in that he suffered severe emotional distress that was symptomatic and a real injury. Plaintiff has further sustained injury

3

as a result of garnishment of his wages and levying of his bank account, which will require a separate injunctive order. Further, Plaintiff has now sustained attorney's fees.

Defendant SALLIEMAE intended that the transfer of the student loan by it to the depositor will constitute a valid sale and assignment of those loans.

Plaintiff alleges that the transfer of the student loan by SALLEMAE also constitutes a valid sale and assignment of his loan.

Nevertheless, if the transfer of the student loan by SALLEMAE to the depositor, or the transfer of Plaintiff's loan to the eligible lender trustee, is deemed to be an assignment of collateral as security, then a security interest in the student loan may be perfected under the provisions of the Higher Education Act, by either taking possession of the promissory note or a copy of the master promissory note evidencing the loan or by filing of notice of the security interest in the manner provided by the applicable Uniform Commercial Code for perfection of security interests in accounts.

By filing and further continuing to pursue the delinquency, Defendants violated and continue to violate 15 U.S.C. § 1692f (6) by taking and threatening to take action when there is and never has been an enforceable security interest. Plaintiff has demanded cure amounts and Defendants have repeatedly submitted figures with default related fees.

As such Defendants violated 15 U.S.C. § 1692f (1) by demanding fees and charges that were not due under the Loan, in order to cure as Plaintiff never did anything under the Loan to incur such fees.

Plaintiff has never had an opportunity to address the erroneous default, and furthermore, the statute of limitations has passed by which to institute collection(s) efforts.

Plaintiff alleges that at all times herein mentioned Defendants were acting by and through its agents, servants and employees acting within the course and scope of their employment with Defendants.

At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44. Defendants NES and NAVIENT provide collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

NES regularly attempts to collect debts by contacting the consumer by telephone. NES is a person who regularly and in the ordinary course of business furnishes information to one or more CRAs about its transactions or experiences with its consumers.

NES routinely receives complaints from consumers who claim they do not owe the debt NES attempts to collect, either because NES has contacted the wrong person or the debt has been satisfied previously. In numerous instances, consumers notify NES at the address specified for such disputes that NES is reporting inaccurate information concerning the consumers' credit to the CRAs. These consumers typically also show mistaken identity or proof of payment as proof that the information reported by NES is inaccurate.

This is on point with Plaintiff's Instant suit at bar.

NES has continued to report inaccurate information to the CRAs on Plaintiff's Loan even after receiving such notice and accompanying proof. Defendant NES receives most notices of disputes from a CRA in electronic format, through automated consumer dispute verification ("ACDV") forms.

5

Pursuant to Section 623(b)(1) of the FCRA, NES, as a furnisher of information to the CRAs, is required to conduct an investigation of the disputed information upon receipt of a notice of dispute from a CRA. This has not been done.

In numerous instances, Plaintiff, despite written notification disputing the accuracy or completeness of alleged debts, and proof demonstrating Plaintiff does not owe the debt, NES has continued to characterize the debt as owed in its collection efforts.

Despite Plaintiff's written or oral notification disputing the accuracy or completeness of alleged debts, Defendant NES continued to furnish the information to the CRAs without communicating that the information was disputed by the consumer.

Defendants NES and NAVIENT each had the authority to control and direct the debt collection activities of SALLIEMAE, or has participated in the misrepresentations and other misconduct of SALLIEMAE in connection with the collection of debts, and knew or should have known of the misrepresentations and other misconduct of SALLIEMAE.

## THE FAIR CREDIT REPORTING ACT

The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date.

In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1, 1997. 24. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental

6

agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs.

Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

In numerous instances, Plaintiff has contacted Defendants NES and NAVIENT at the address specified to dispute information about him furnished to a CRA and to notify Defendants that the information is inaccurate. In numerous instances, Plaintiff has provided proof of payment to show that information about the debt on his credit report are inaccurate.

Despite having proof from the consumer to the contrary, in numerous instances, Defendants NES and NAVIENT continued to furnish information to a CRA relating to Plaintiff when (a) NES and NAVIENT were notified by Plaintiff at an address specified by NES and NAVIENT that specific information was inaccurate and (b) the information, was in fact, inaccurate.

The acts and practices alleged herein constitute violations of Section 623(a)(1)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

7

Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged herein also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Section 623(b)(1) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i(a)(2), and to report the results of the investigation to the CRA

This was not done.

Plaintiff alleges in numerous instances, Defendants NES and NAVIENT do not conduct a meaningful investigation, or an investigation at all, when it received a notice of dispute from a CRA. The acts and practices alleged herein constitute violations of Section 623(b) of the FCRA, 15 U.S.C. § 1681s-2(b). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Plaintiff alleges that in connection with Defendants' attempt to collect the debt, Defendants instituted, pursued and continue to pursue a wage garnishment and other veiled threats against Plaintiff. True and correct copies of said demand letter issued well past the statute of limitations to collect are attached herewith.

Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished by any person to any CRA is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA. This provision was undoubtedly not complied with. The acts and practices alleged herein constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

8

Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status with respect to Plaintiff in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

b. In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e (8).

The acts and practices alleged herein constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged herein also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.

## INJUNCTION FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendants NES and NAVIENT will not continue to

violate the FTC Act, the FCRA, and the FDCPA and (b) Defendants NES and NAVIENT a will not continue to violate the FTC Act and the FDCPA and continue to garnish Plaintiff's wages and levy his bank account without injunctive relief.

Plaintiff prays for the aforementioned remedies.

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA, FDCPA, AND FTC ACT

Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

Each instance in which Defendants NES and NAVIENT have violated Sections 623(a)(3) and 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

Defendants NES and NAVIENT have engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

10

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

Defendants NES and NAVIENT have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

Each instance within five (5) years preceding the filing of this Complaint, in which Defendants NES and NAVIENT have failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**: Plaintiff pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

- Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, and the FCRA by Defendants;

- Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendants' violations of the FTC Act, the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

11

- Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

- Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

- Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper. prays judgment against the Defendants in such sum no less than $150,000.00, additional damages under 15 U.S.C. Section 1692k(a)(2)(A), plus attorney's fees under 15 U.S.C. Section 1692k(a)(3), plus interest and his costs.

- Additionally, Plaintiff prays for an order deeming the collection efforts as moot due to the statute of limitations to collect having passed and a forgiveness on the Loan itself.

Respectfully submitted this 23RD day of June, 2016

David J. Cushing, Plaintiff Pro Se
4201 Neshaminy Blvd., Suite 10821
Bensalem, PA 19020-1609

12