# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. CUSHING,

        Plaintiff,

   v.

STUDENT LOAN MARKETING
ASSOCIATION, AS TRUSTEE FOR THE SLM
STUDENT LOAN TRUST 2003-3; NATIONAL
ENTERPRISE SYSTEMS; NAVIENT, INC.,

        Defendants.

Civil Action No.  2:16-cv-00595-GAM

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(B)(6)

Eric M. Hurwitz, Esquire
Thomas M. Brodowski, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400
*Attorneys for Defendant, Navient Solutions, Inc.*
*and Defendant identified as "Student Loan*
*Marketing Association, as Trustee for the SLM*
*Student Loan Trust 2003-3"*

Dated:  July 12, 2016

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL ALLEGATIONS ..............................................................................3

III.    ARGUMENT ......................................................................................................6

      A.    Standard of Review for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).........6

      B.    The Court Should Disregard the Amended Complaint Because It Was
         Improperly Filed. ........................................................................................6

      C.    The Amended Complaint Fails to Differentiate Between Any Of
         The Named Defendants...............................................................................7

      D.    Plaintiff's FCRA and FTC Act Claims Fail as a Matter of Law and Should Be
         Dismissed With Prejudice...........................................................................8

      E.    Plaintiff Fails To State a Claim Under the FDCPA............................................10

            1.    Plaintiff Fails To Plausibly Allege Moving Defendants Engaged In
               Unlawful Wage Garnishment. ..................................................................11

            2.    Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To
               Collect Improper Charges Or Fees. ..........................................................12

            3.    Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To
               Collect An "Unenforceable" Debt. ...........................................................13

            4.    Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To
               Collect A Time-Barred Debt......................................................................14

      F.    Plaintiff's Claims Against SLM Fail As A Matter Of Law. ................................15

IV.    CONCLUSION.................................................................................................16

## TABLE OF AUTHORITIES

CASES

Allen ex rel. Martin v. LaSalle Bank. N.A.,
    629 F.3d 364 (3d Cir. 2011)..................................................................................................10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..............................................................................................................6

Azar v. Hayter,
    874 F. Supp. 1314 (N.D. Fla. 1995), aff'd, 66 F.3d 342 (11th Cir. 1995) ..............................14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..............................................................................................................6

Bennett v. Premiere Credit of N. Am., LLC,
    504 F. App'x 872 (11th Cir. 2013)........................................................................................12

Buck v. Hampton Twp. Sch. Dist.,
    452 F.3d 256 (3d Cir. 2006)................................................................................................11

California Pub. Employees'. Ret. Sys. v. Chubb Corp.,
    394 F.3d 126 (3d Cir. 2004)................................................................................................16

Deutsche v. Wells Fargo Bank, et al.,
    No. 13-3914, 2014 WL 5503140 (E.D.Pa. Oct. 31, 2014) ......................................................9

Donohue v. Regional Adjustment Bureau, Inc.,
    2013 WL 607853 (E.D.Pa. Feb. 19, 2013) ...........................................................................11

Holloway v. Bristol–Myers Corp.,
    485 F.2d 986 (D.C.Cir. 1973)................................................................................................9

Morse v. Lower Merion Sch. Dist.,
    132 F.3d 902 (3d Cir. 1997)..................................................................................................6

Philbin v. Trans Union Corp.,
    101 F.3d 957 (3d Cir. 1996)..................................................................................................8

Seamans v. Temple Univ.,
    744 F.3d 853 (3d Cir.2014)...................................................................................................8

SimmsParris v. Countrywide Financial Corp.,
    652 F.3d 355 (3d Cir. 2011)..................................................................................................8

Taggart v. GMAC Mortg.,
    No. 12-415, 2012 WL 5929000 (E.D. Pa. Nov. 26, 2012) ......................................................9

U.S. v. Tuerk,
    317 Fed.Appx. 251 (3d Cir. 2009) ....................................................................15

United States v. Holohan,
    2012 WL 2339755 (D.N.J. June 18, 2012) ......................................................13

Vino 100, LLC v. Smoke on the Water, LLC,
    No. 09–4983, 2012 WL 1071174 (E.D. Pa. Mar. 30, 2012) ............................9

Weiss v. Regal Collections,
    385 F.3d 337 (3d Cir. 2004) ............................................................................13

**STATUTES**

42 Pa. C.S. 5525(a) .............................................................................................15

**RULES**

34 CFR 682.410(b)(9) .........................................................................................11

Fed. R. Civ. P. 8(a) ...............................................................................................7

Fed. R. Civ. P. 12 ...............................................................................................11

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1-2, 6

Local Rule 7.1(c) ..................................................................................................6

**CODES**

15 U.S.C. §§ 1681-1681v ......................................................................................8

15 U.S.C. § 1681i(a)(2) .........................................................................................8

15 U.S.C. § 1681n .................................................................................................8

15 U.S.C. § 1681s(a)(1) .........................................................................................9

15 U.S.C. § 1692(a), (e) ......................................................................................10

15 U.S.C. § 1692(k) .............................................................................................13

15 U.S.C. § 1692e(2)(A) ......................................................................................14

15 U.S.C. § 1692f(1) ...........................................................................................10

15 U.S.C. § 1692f(6)(a) .......................................................................................10

15 U.S.C. § 1692k(a)(1), (2)(A), and (3) .............................................................13

20 U.S.C. § 1091a(a)(2) ........................................................................................................15

Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA")......................................1

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") ...................1

FCRA ......................................................................................................................... Passim

§ 1681s-2(a)(1)(B) of the FCRA.......................................................................................5

§ 1681s-2(b) of the FCRA ................................................................................................5

FDCPA........................................................................................................................ Passim

§§ 1692f(1) and (6) of the FDCPA ................................................................................10

§ 1692f(6) of the FDCPA .................................................................................................4

§ 1692f(l) of the FDCPA .................................................................................................4

Federal Trade Commission Act, 15 U.S.C. § 41 et seq. ("FTC Act")............................1

FTC Act ..................................................................................................................... Passim

§ 45(a) of the FTC Act......................................................................................................5

FTCA ................................................................................................................................8

Public Law 102-164, 20 U.S.C. § 1095(a), et seq. ....................................................3, 11

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID J. CUSHING,

          Plaintiff,

    v.

STUDENT LOAN MARKETING
ASSOCIATION, AS TRUSTEE FOR THE SLM
STUDENT LOAN TRUST 2003-3; NATIONAL
ENTERPRISE SYSTEMS; NAVIENT, INC.,

          Defendants.

Civil Action No.  2:16-cv-00595-GAM

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Navient Solutions, Inc. ("NSI") (misidentified as "Navient, Inc.") and

the Defendant identified as "Student Loan Marketing Association, as Trustee for the SLM

Student Loan Trust 2003-3" ("SLM") (collectively, "Moving Defendants"), by and through their

attorneys, Stradley Ronon Stevens & Young, LLP, hereby submit this Memorandum of Law in

support of their Motion to Dismiss the claims asserted in the First Amended Complaint (the

"Amended Complaint") filed by Plaintiff, David Cushing ("Plaintiff"), pursuant to Fed. R. Civ.

P. 12(b)(6).

**I.**      **INTRODUCTION**

On June 27, 2016, Plaintiff filed a First Amended Complaint with three causes of

action against Moving Defendants and National Enterprise Systems ("NES"), including alleged

violations of the Federal Trade Commission Act, 15 U.S.C. § 41 et seq. ("FTC Act"), the Fair

Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  The claims stem from a student loan (the "Loan")

that Plaintiff apparently can no longer afford to pay.  As explained below, none of Plaintiff's

amended claims states a viable cause of action against Moving Defendants, and the Court should

dismiss his claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

       First, Plaintiff was never granted leave to file an amended complaint with

additional causes of action.  Rather, Plaintiff was only permitted to file an amended pleading that

attempted to correct his prior claims.  Moreover, Plaintiff filed his Amended Complaint out of

time, and never sought leave of Court to do so.  The Court should disregard the Amended

Complaint in its entirety for this reason alone.

       The Amended Complaint also fails on its merits.  Once again, Plaintiff fails to

differentiate between any of the named defendants, or to explain the basis for any claims against

NSI and SLM versus any other defendant.  In fact, there are no references to a specific loan or

relationship with NSI or SLM at all.  All of the claims in the Amended Complaint fail as a matter

of law against Moving Defendants for this threshold reason.

       The Amended Complaint also fails to articulate any basis for an FCRA or FTC

Act claim against Moving Defendants.  There are no facts that suggest Plaintiff ever made any

actual disputes with credit reporting agencies ("CRAs"), or that Moving Defendants failed to

conduct a reasonable investigation of those disputes.  Plaintiff's FTC Act claim is nothing more

than an extension of his defective FCRA claim, and fails for the same reasons.  Moreover, the

FTC Act does not provide individual consumers with a private right to sue.  Plaintiff's FCRA

and FTC Act claims both fail as a matter of law.

       The Amended Complaint likewise fails to state a viable claim against Moving

Defendants under the FDCPA.  Plaintiff does not identify any "improper" charges and fees

related to the Loan, much less charges and fees that Moving Defendants attempted to collect. Plaintiff also fails to plead any facts supporting his contention that the Loan is unenforceable. Further, to the extent that Plaintiff's FDCPA claim is based on wage garnishments, there are no factual allegations that Moving Defendants garnished Plaintiff's wages at all.  Further, it is well established that the FDCPA cannot be used as a vehicle to invalidate a debt.

Finally, there are no allegations to tie SLM to any alleged misconduct under any theory.  Consequently, all claims against SLM necessarily fail as a matter of law.

In short, Plaintiff does not and cannot state a viable claim for relief against Moving Defendants, and the Court should dismiss the Amended Complaint with prejudice.

## II.    FACTUAL ALLEGATIONS

There are virtually no facts alleged in the Amended Complaint.[1]  Instead, the Amended Complaint consists of vague and conclusory allegations.  Plaintiff alleges that he obtained a Federal Stafford student loan and became delinquent on his payment obligations. (Am. Compl. p. 3.)  Plaintiff fails to describe any identifying characteristics of the Loan, such as the principal amount, when it became delinquent, the amount past due, or the lender who gave him the Loan.

---

[1]    Notably, Plaintiff previously attached two letters as Exhibits A and B to his original Complaint.  (See Dkt. 1 at Exhibits A and B.)  Those letters indicate the key facts of this case with greater clarity than the Amended Complaint, and should be considered as part of the factual record because they were previously filed by Plaintiff. According to the letters, Plaintiff obtained a federal student loan under the Federal Family Education Program ("FFELP"), and ultimately defaulted on his payment obligations.  The letter from NSI dated December 14, 2015, explained that NSI serviced Plaintiff's Loan on behalf of the guarantor, United Student Aid Funds, Inc. ("USA Funds").  (See Dkt. 1, Ex. A.)  Upon Plaintiff's default, USA Funds purchased Plaintiff's Loan from the lender on November 7, 2008, and placed the Loan with a collection contractor, NES, to collect on the unpaid amount due.

On June 11, 2015, NES sent Plaintiff a letter titled "Notice Prior To Wage Withholding."  (See Dkt. 1, Ex. B.)  NES advised Plaintiff that USA Funds would direct Plaintiff's employer to begin withholding deductions from Plaintiff's pay until Plaintiff's student loan debt is paid in full.  NES' letter also advised Plaintiff that wage garnishment was permitted under federal Public Law 102-164, 20 U.S.C. § 1095(a), et seq.  As of the date of NES' letter, the outstanding balance owed on Plaintiff's Loan was $116,353.22.  NES' letter did not contain any references to NSI or SLM in any respect.

Nevertheless, Plaintiff alleges that Moving Defendants violated § 1692f(6) of the FDCPA by "taking and threatening to take judicial action to effect [sic] dispossession or disablement of property in the form of Plaintiff's bank accounts and employment when there was no present right to collect through an enforceable security interest."  (Am. Compl. p 3.)  Plaintiff also makes several references to an "assignment" and "transfer" of the Loan to an unnamed "depositor," and that the Loan is now somehow "unenforceable" because the "depositor" never perfected a security interest in the Loan.  (Id. p. 4.)  The Amended Complaint fails to plead how these allegations, if true, amount to a violation of the FDCPA by Moving Defendants.

Plaintiff also contends that Moving Defendants violated § 1692f(l) of the FDCPA by "demanding fees and charges that were not due under the Loan…"  (Am. Compl. p 4.)  The Amended Complaint fails to identify the charges or fees at issue, when and how Moving Defendants demanded them, why Plaintiff believes the charges and fees were improper, or state which party demanded payment of those sums.  Plaintiff also alleges that these purported debt collection efforts are time-barred, but fails to plead any facts supportive of this contention.  (Id.)

In connection with unidentified debt collection efforts, Plaintiff alleges that "Defendants instituted, pursued and continue to pursue a wage garnishment and other veiled threats against Plaintiff."  (Am. Compl. p. 8.)  There are no facts describing the alleged wage garnishment.  Although the Amended Complaint references a "demand letter" (see id.), it is not clear whether that letter relates to the alleged wage garnishment, nor is the letter attached to the Amended Complaint (although Plaintiff attached letters to his original Complaint).  Regardless, there are no facts alleging that either of Moving Defendants did, or ever attempted to ,garnish Plaintiff's wages.

The Amended Complaint also alleges that Moving Defendants violated § 1681s-2(a)(1)(B) of the FCRA.  Plaintiff contends that he contacted NES and NSI on unspecified dates to "dispute information about [Plaintiff] furnished to a CRA and to notify Defendants that the information is inaccurate."  (Am. Compl. p. 7.)  Plaintiff further alleges that he provided "proof of payment" to dispute the accuracy of the Loan debt, but he does not identify the "proof" he refers to, nor does he state to which defendant it was sent, or when.  (Id.)  In addition, Plaintiff contends that NES and NSI "continued to furnish" unspecified, inaccurate information to an unidentified CRA.  (Id.)  Other than these generic allegations, there are no additional facts describing any specific conduct by Moving Defendants.

Plaintiff also contends that NES and NSI violated § 1681s-2(b) of the FCRA because they did not "conduct a meaningful investigation, or an investigation at all, when it [sic] received a notice of dispute from a CRA."  (Am. Compl. p. 8.)  However, Plaintiff never alleges that he made any disputes directly to a CRA, let alone identify when they were made, or if they were even communicated to Moving Defendants.  Plaintiff also fails to describe the specific nature of the disputes, as well as any details concerning any post-dispute investigation by Moving Defendants.  Nevertheless, Plaintiff contends that the alleged failure of Moving Defendants to conduct a reasonable investigation amounts to a violation of § 45(a) of the FTC Act.  (Id.)

Plaintiff now seeks $150,000 in damages, other unspecified damages, attorneys' fees (even though he is *pro se*), and an order discharging him from any liability under the Loan.  (See Am. Compl. pp. 9-12.)

## III.   ARGUMENT

### A.   Standard of Review for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) serves to test the adequacy of a complaint, which must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  In other words, a complaint must "state a claim to relief that is *plausible* on its face." Id. at 570 (emphasis added).  When assessing whether the complaint satisfies this standard, courts must treat a complaint's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Courts, however, need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.; see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (noting that courts "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss") (citations and internal quotations omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

### B.   The Court Should Disregard the Amended Complaint Because It Was Improperly Filed.

In response to prior motions to dismiss filed by Moving Defendants and NES [Dkt. Nos. 12 and 14], the Court entered an Order on May 26, 2016, dismissing Plaintiff's original complaint as uncontested pursuant to Local Rule 7.1(c).  (See Dkt. 15.)  According to the Order, Plaintiff was given 21 days to "amend his Complaint to cure the alleged errors identified by Defendants…without leave of Court."  (Id.)  The Order further stated "Should Plaintiff fail to take any action within 21 days of the date of this Order, this case shall be marked CLOSED for statistical purposes."  (Id.)

6

Plaintiff was required to file any Amended Complaint by June 17, 2017.  Instead, he disregarded the deadlines in the May 26 Order, and filed the Amended Complaint on June 27, 2016, without seeking leave to do so.  (<u>See</u> Dkt. No. 16.)  Because Plaintiff failed to abide by the Court's deadline, the case should be closed, in accordance with the Court's May 26 Order.

In addition, the Amended Complaint includes two entirely new causes of action arising under the FTC Act and FCRA.  (<u>Id</u>.)  Because those claims were not part of the original complaint, Plaintiff should not be permitted to pursue them without first obtaining leave of Court, which he did not obtain.  Accordingly, the Court should disregard Plaintiff's Amended Complaint in its entirety, and mark the case closed.

**C.    The Amended Complaint Fails to Differentiate Between Any Of The Named Defendants.**

Plaintiff's Amended Complaint fails to articulate the basis for any of his purported claims against NSI or SLM, as opposed to any other defendant.  Pursuant to Fed. R. Civ. P. 8(a), "[a] pleading that states a claim for relief ***must*** contain … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  (Emphasis added).

Plaintiff fails to allege any actionable conduct attributable to any particular defendant.  Rather, the Amended Complaint lumps all of the defendants together and treats each as if they engaged in precisely the same conduct, even though each defendant is a separate and distinct entity.  The Amended Complaint fails as a matter of law for this reason alone.

**D.** **Plaintiff's FCRA and FTC Act Claims Fails as a Matter of Law and Should Be Dismissed With Prejudice.**

As noted above, Plaintiff was never granted leave to assert additional causes of action. Nevertheless, the Amended Complaint purports to assert two new claims against Moving Defendants for alleged violations of the FCRA and FTC Act. Plaintiff essentially alleges that Moving Defendants failed to conduct a "meaningful" investigation after receiving notice of a dispute with a CRA, or failed to conduct an investigation at all, and then continued to report allegedly inaccurate information to CRAs concerning the Loan. (Am. Compl. p. 8.) Both claims should be dismissed with prejudice.

The FCRA regulates the collection, maintenance, and disclosure of information by CRAs. See 15 U.S.C. §§ 1681-1681v. There is only limited liability to a furnisher of credit reporting information under the FCRA. A consumer who disputes information contained in his or her credit report must first notify a CRA, and the CRA then may provide notice to the furnisher to investigate the account. 15 U.S.C. § 1681i(a)(2); SimmsParris v. Countrywide Financial Corp., 652 F.3d 355 (3d Cir. 2011). A furnisher's liability under the FCRA does not arise until it fails to undertake a reasonable investigation following notice from a CRA. Id. at 359; see also Seamans v. Temple Univ., 744 F.3d 853, 867 n. 11 (3d Cir.2014). A consumer bringing a cause of action under the FCRA is required to establish that any damages allegedly incurred were actually caused by the defendant's violation of the Act. See 15 U.S.C. § 1681n (consumer may recover actual damages incurred "*as a result of the failure*") (emphasis added); Philbin v. Trans Union Corp., 101 F.3d 957, 966 (3d Cir. 1996) ("a FCRA plaintiff must prove causation").

Here, there are no facts alleged which even remotely suggest that (1) Plaintiff

initiated a dispute with a CRA; (2) the CRA notified either of the Moving Defendants concerning

the dispute, (3) the Moving Defendants failed to undertake a reasonable investigation of the

dispute, or (4) Plaintiff suffered any actual damages.  Plaintiff does not identify the nature of the

alleged dispute, when a dispute was made, to whom any disputes were made, nor does he

describe the results of any investigation, what was inaccurate about any response, or how he

suffered any actual harm as a result.  Rather, Plaintiff's entire FCRA claim appears to be based

on his own opinions and legal conclusions, none of which are even specifically directed towards

Moving Defendants.  (See generally, Am. Compl. pp. 7-9.)  Such conclusory allegations fall far

short of stating a viable claim under the FCRA.  Plaintiff's FCRA claim therefore fails as a

matter of law, and should be dismissed with prejudice.  See Deutsche v. Wells Fargo Bank, et al.,

No. 13-3914, 2014 WL 5503140 (E.D.Pa. Oct. 31, 2014).

Although pleaded as a separate cause of action, Plaintiff's FTC Act claim

fundamentally relies on an alleged underlying violation of the FCRA (see Am. Compl. p. 8), and

fails for the same reasons stated above.[2]  Plaintiff's FTC Act claim also fails because that act

does not grant a private right of action to individual consumers.  See Taggart v. GMAC Mortg.,

No. 12-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) (dismissing claim FTC Act claim

brought by individual plaintiff for lack of standing).  Instead, only the Federal Trade

Commission has authority to enforce the FTC Act.  See Vino 100, LLC v. Smoke on the Water,

LLC, No. 09–4983, 2012 WL 1071174, at * 8 (E.D.Pa. Mar. 30, 2012); see also Holloway v.

Bristol–Myers Corp., 485 F.2d 986, 987, 1001 (D.C.Cir. 1973) (holding there is no express or

---

[2]     Under the FTC Act, "violation[s] of any requirement or prohibition imposed under [the FCRA] shall
constitute an unfair or deceptive act or practice in commerce, in violation of section 5(a) of the Federal Trade
Commission Act (15 U.S.C. 45(a))."  See 15 U.S.C. § 1681s(a)(1).

implied private right of action to enforce the FTC Act).  Because Plaintiff has no standing to bring a claim under the FTC Act, he fails to state a claim upon which relief can be granted.

      **E.**      <u>**Plaintiff Fails To State a Claim Under the FDCPA.**</u>

Even if Plaintiff differentiated between the named defendants, his FDCPA claim fails to state a claim for relief against Moving Defendants.  Plaintiff contends that Moving Defendants violated §§ 1692f(1) and (6) of the FDCPA by: (1) improperly pursuing wage garnishments, (2) demanding fees and charges that were not owed, and (3) attempting to collect an unenforceable debt.  (<u>See</u> Am. Compl. pp. 3-4.)  These allegations fail to state a claim under the FDCPA.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(a), (e).  "The Act entitles consumers to certain information regarding the nature of their debts ... and prohibits debt collectors from engaging in certain conduct."  <u>Allen ex rel. Martin v. LaSalle Bank. N.A.</u>, 629 F.3d 364, 367 (3d Cir. 2011) (internal citations omitted).  Section 1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Section 1692f(6)(a) prohibits debt collectors from "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(a).

Plaintiff does not identify any conduct by Moving Defendants that violates specific requirements of the FDCPA.

1.      **Plaintiff Fails To Plausibly Allege Moving Defendants Engaged In Unlawful Wage Garnishment.**

To the extent Plaintiff bases his FDCPA claim on "unlawful" wage garnishments, the claim against Moving Defendants fails as a matter of law.  First, Plaintiff fails to plead any facts in the Amended Complaint indicating that Moving Defendants garnished his wages, or even attempted to do so.  To the contrary, the June 11, 2015 letter from NES attached to the Plaintiff's original Complaint fully contradicts Plaintiff's theory.[3]  NES' letter, titled "Notice Prior To Wage Withholding," specifically stated that USA Funds – not Moving Defendants – would direct Plaintiff's employer to initiate wage garnishment proceedings.  (See Dkt. 1, Ex. B.)  Therefore, Plaintiff's own documentation illustrates that neither NSI nor SLM engaged in wage garnishments.

In addition, wage garnishment is a lawful mechanism to collect on defaulted student loans administered under the FFELP.  See Public Law 102-164, 20 U.S.C. § 1095(a) et seq.  A guaranty agency – in this case, USA Funds – is permitted to administratively garnish up to fifteen percent of the borrower's disposable pay until the defaulted loan has been paid in full.  Id. See also 34 CFR 682.410(b)(9) (authorizing a guaranty agency to contract with a collection contractor to perform, on the agency's behalf, the actions necessary to collect by wage garnishment).  In short, federal law allows permits wage garnishment as a means to collect on defaulted federal student loan debt.  Such conduct does not violate the FDCPA and does not support Plaintiff's claim against Moving Defendants.  See Donohue v. Regional Adjustment

---

[3]      In deciding a Motion to Dismiss pursuant to Fed. R. Civ. P. 12, the Court may consider "documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).  Thus, the Court may consider the exhibits attached to the original Complaint, as well as other matters of public record, in deciding Moving Defendants' Motion to Dismiss.

Bureau, Inc., 2013 WL 607853 at * 6 (E.D. Pa. 2013) (finding guarantor to possess exclusive power to garnish wages under the Higher Education Act, and as fiduciary to the Department of Education, not subject to the FDCPA); Cf. Bennett v. Premiere Credit of N. Am., LLC, 504 F. App'x 872, 878 (11th Cir. 2013) ("ECMC's status as a guaranty agency, and therefore its fiduciary relationship to the [Department of Education] . . . [means it] is not subject to the provisions of the FDCPA" including for wage garnishment activities).

### 2. Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To Collect Improper Charges Or Fees.

Plaintiff next alleges that Moving Defendants attempted to collect improper charges and fees related to his Loan.  (Am. Compl. p. 3.)  Noticeably absent from the Amended Complaint are references to what fees or charges are even at issue, let alone fees or charges imposed by Moving Defendants.  (See generally, Am. Compl.)  Plaintiff does not identify the number or amount of fees or charges, when they accrued, or which defendant demanded payment.  Id.  Nor does Plaintiff explain why he believes these charges were improper.  Plaintiff cannot plausibly maintain an FDCPA claim for "improper" fees or charges when he does not identify the charges at issue, or explain how Moving Defendants attempted to collect them.

To the extent Plaintiff relies on NSI's December 14, 2015 letter, he fails to state what in that letter violated the FDCPA.  To the contrary, that letter did not even demand payment.  NSI's letter expressly advised Plaintiff that any questions related to payments should be directed to the collection contractor (NES) retained by USA Funds.  Thus, by any fair reading, NSI's letter was informational, and explained the history of the Loan, along with the relationship between NSI, USA Funds, and the collection contractor.  Accordingly, Plaintiff's FDCPA claim fails under this theory too, and should be dismissed with prejudice.

### 3.       Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To Collect An "Unenforceable" Debt.

Plaintiff next argues that Moving Defendants attempted to collect a debt that is "unenforceable." (Am. Compl. p. 3.) Although the Amended Complaint is less than clear, Plaintiff apparently contends that his Loan was "assigned" or "transferred" to an unnamed "depositor", who then failed to perfect a security interest in the Loan. (Id. p. 4.) In fact, this theory seems to underlie *all* his claims. As a result of this "assignment" or "transfer", Plaintiff believes that his Loan is now wholly unenforceable by anyone.

Plaintiff's "assignment" theory is unintelligible, and contrary to the letters he attached to his original Complaint. Those letters explain the history of the Loan and describe the parties' relationships. NSI is the servicer of student loans for the guaranty agency – in this case, USA Funds. (See Dkt. 1, Ex. A.) NSI's letter further explained that USA Funds purchased Plaintiff's Loan from his lender on November 7, 2008, after Plaintiff defaulted on his payment obligations, and USA Funds then placed the Loan with a collection contractor (NES) to collect on the unpaid Loan. Id. There are no references to any "assignment", "transfer", or "depositor" in those letters. Plaintiff's "assignment" theory is entirely implausible.

In any event, Plaintiff fails to explain how Moving Defendants violated the FDCPA through this "assignment" theory. In reality, there is no provision of the FDCPA that would apply to Plaintiff's hypothesis.

Finally, a borrower cannot use the FDCPA as a vehicle to dispute and discharge a student loan debt.[4] See United States v. Holohan, 2012 WL 2339755, at *6 (D.N.J. June 18,

---

[4]       Pursuant to 15 U.S.C. § 1692(k), damages recoverable under the FDCPA include: (1) actual damages sustained by plaintiff, (2) additional damages not to exceed $1,000.00, and (3) costs and reasonable attorneys' fees as determined by the court. See 15 U.S.C. § 1692k(a)(1), (2)(A), and (3). The Third Circuit has held that injunctive and declaratory relief is not available under the FDCPA. Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir.

2012) ("Defendant's reliance on the FDCPA is misplaced because any alleged violation …

cannot stand independently to establish a meritorious defense to the underlying [student loan]

debt"); see also Azar v. Hayter, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995), aff'd, 66 F.3d 342

(11th Cir. 1995) (recognizing that claims brought under the FDCPA have "nothing to do with

whether the underlying debt is valid" but instead concern "the method of collecting the debt").

Here, Plaintiff is undisputedly attempting to have the Court invalidate his student Loan based on

purported FDCPA violations.  (See Am. Compl. pp. 9-12.)  Because the FDCPA does not

provide that relief, Plaintiff's FDCPA claim fails as a matter of law and should be dismissed with

prejudice.

> **4.     Plaintiff Fails To Plausibly Allege Moving Defendants Attempted To Collect A Time-Barred Debt.**

Plaintiff also contends that Moving Defendants attempted to collect a time-barred

debt.  (Am. Compl. p. 4.)  Although not stated in the Amended Complaint, Plaintiff presumably

relies on § 1692e(2)(A), which prohibits a debt collector from making false or misleading

representations concerning the character, amount, or legal status of any debt.  See 15 U.S.C. §

1692e(2)(A). This claim also fails as a matter of law.  To the extent Plaintiff relies on a "demand

letter," Plaintiff does not specify which letter he is referring to.  In any event, as noted above, the

letter attached to the original Complaint from NSI is not even a demand for payment – in fact, it

was sent in response to an inquiry by Plaintiff.

Plaintiff also fails to explain why collection on the debt is time-barred.  Plaintiff

does not even identify when he believes that the limitations period began to accrue, much less

---

2004).  Here, Plaintiff's demands for $150,000.00 in actual damages, statutory damages, attorneys' fees and costs, and injunctive/declaratory relief are not recoverable.  There are also no facts pleaded to support his monetary demands, and he is *pro se* and cannot recover attorneys' fees.  Plaintiff is also not entitled to declaratory relief in the form of loan discharge because no such relief is available under the FDCPA.

when it allegedly expired.  And, assuming that Plaintiff is referring to the four-year limitations period under 42 Pa. C.S. 5525(a) – which is not clear from the Amended Complaint – that limitations period only applies to the commencement of a civil action.  See 42 Pa. C.S. 5525(a).  Nothing in the Amended Complaint, nor the letters attached to it, suggest that Moving Defendants commenced a civil action against Plaintiff – nor did they in fact, a matter of public record.[5]  Accordingly, any FDCPA claim premised upon Moving Defendants' attempt to collect time-barred debt is implausible, and should be dismissed with prejudice.

**F.    Plaintiff's Claims Against SLM Fail As A Matter Of Law.**

Finally, Plaintiff's Amended Complaint identifies SLM as a putative defendant, yet nowhere are there any facts alleged that tie SLM to this case.  Nor are there any references to SLM in the two letters which apparently form the basis for Plaintiff's FDCPA claim.  As explained above, SLM did not attempt to collect any debt from Plaintiff, and Plaintiff's own documentation confirms that fact.  (See Dkt. 1, Exhibits A and B.)  Likewise, there are no specific allegations in the Amended Complaint regarding misconduct by SLM in connection with Plaintiff's FCRA or FTC Act claims.  Consequently, Plaintiff's FCRA, FTC Act, and FDCPA claims against SLM fail as a matter of law, and should be dismissed with prejudice.

---

[5]    To the extent Plaintiff disputes collection activity generally, the 1991 Amendment to the Higher Education Act eliminated all limitations defenses for recovery of federally guaranteed student loans, such as the Loan purportedly at issue.  20 U.S.C. § 1091a(a)(2) ("no limitation shall terminate the period within which suit may be filed … or an offset, garnishment, or other action …"); see also U.S. v. Tuerk, 317 Fed.Appx. 251, 253 (3d Cir. 2009).

IV.     <u>**CONCLUSION**</u>

    Plaintiff's Amended Complaint fails to state any cognizable claim against Moving Defendants under the FCRA, FTC Act, or FDCPA.  Accordingly, for all the foregoing reasons, Moving Defendants respectfully request that the Court grant their motion, and dismiss Plaintiff's Amended Complaint with prejudice.[6]

         Respectfully submitted,

         s/ Thomas M. Brodowski
         Eric M. Hurwitz, Esquire
         Thomas M. Brodowski, Esquire
         STRADLEY RONON STEVENS & YOUNG, LLP
         LibertyView
         457 Haddonfield Road, Suite 100
         Cherry Hill, NJ 08002
         (856) 321-2400
         *Attorneys for Defendant, Navient Solutions, Inc.*
         *and Defendant identified as "Student Loan*
         *Marketing Association, as Trustee for the SLM*
         *Student Loan Trust 2003-3"*

Dated:  July 12, 2016

---

[6] A dismissal with prejudice is appropriate because any amendments to the Complaint would be futile.  <u>See</u> <u>California Pub. Employees'. Ret. Sys. v. Chubb Corp</u>., 394 F.3d 126, 166, n. 28 (3d Cir. 2004) (district court properly dismissed claims with prejudice where the district court found that further amendment would be futile).