## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David J. Cushing, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 16-0595 |
| | : | |
| v. | : | |
| | : | |
| National Enterprise Systems, Inc., et al. | : | |
| | | |
| Defendant. | | |

## DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes Defendant National Enterprise Systems, Inc., by and through its undersigned counsel, and responds to Plaintiff, David J. Cushing's ("Plaintiff's") Amended Complaint as follows:

This is an action arising under Sections 5(a), 5(m)(l)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(l)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FCRA, the FDCPA, and Section 5 of the FTC Act, with respect to a student loan which was obtained on or about January 1, 2002.

**RESPONSE: Defendant admits that Plaintiff is bringing this action pursuant to the statutes cited in the above paragraph. Defendant denies the remaining allegations contained in the paragraph.**

## PARTIES

Plaintiff is a citizen and domiciled in the county of Bucks, State of Pennsylvania and resides at 4201 Neshaminy Blvd., Suite 10821. Bensalem, PA 19020-1609.

**RESPONSE: Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Defendant Student Loan Marketing Association, as trustee ("SALLEMAE") is a governmental sponsored issuer of student loans across the United States. SALLEMAE is being named in this action as the legal trustee and is the real party to this action *See Navarro Sav. Ass 'n Lee,* 446 U.S. 458, 464 (1980) which states in relevant part, '[A] trustee is a real party to the controversy for the purposes of diversity ..."

**RESPONSE: Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

SALLEMAE possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others, therefore satisfies the jurisdictional requirements pursuant to 28 U.S.C. ¶ 1332(a). Alternatively, Defendant SALLIEMAE uses instrumentalities of interstate commerce and the mails in a business, the principal purpose of which is the enforcement of security interests. As such Defendant is, at minimum, a debt collector for the purposes of 15 U.S.C. § 1692f (6).

**RESPONSE: Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Defendant National Enterprise Systems ("NES") is a collections agency which works in parallel with SALLIEMAE to collect on delinquent student loan debts and preys upon those who have defaulted on their obligations. Alternatively, Defendant NES uses instrumentalities of interstate commerce and the mails in a business, the principal purpose of which is the enforcement of security interests. As such Defendant is, at minimum a debt collector for the purposes of 15 U.S.C. § 1692f (6).

**RESPONSE:  Defendant admits that under certain circumstances it may be a "debt collector" as that term is defined by 15 U.S.C. § 1692 et seq.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

NES was assigned to collect the alleged delinquent amount of $47,757.90.

**RESPONSE:  Defendant admits that accounts alleged to be due and owing by Plaintiff were placed with Defendant for the purpose of collection.  Defendant denies the remaining allegations contained in this paragraph.**

Defendant Navient, Inc. ("NAVIENT") is a collections agency which works in conjunction with SALLIEMAE to collect on delinquent student loan debts and preys upon those who have defaulted on their obligations. As such Defendant is, at minimum a debt collector for the purposes of 15 U.S.C. § 1692f (6).

**RESPONSE: Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Defendants, and all of them are "debt collectors," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a (6). As part of its debt collection activities, Defendants furnish information to Credit Reporting Agencies ("CRA"). As such, Defendants are categorized as a person subject to Section 623 of the FCRA, 15 U.S.C. § 168ls-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a CRA.

**RESPONSE:  Defendant admits that under certain circumstances it may be a "debt collector" as that term is defined by 15 U.S.C. § 1692 et seq.  Defendant further admits that there are instances in which it may be subject to the FCRA.  However, Defendant denies that it reported an account alleged to be due and owing by the Plaintiff to the credit bureaus and further denies that it was subject to the FCRA in this matter.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

## <u>JURISDICTION</u>

This Court has jurisdiction to hear this case pursuant to 15 U.S.C. Section 1692k.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

## GENERAL ALLEGATIONS

This case arises out of a delinquent student loan obligation, subsequent securitization of the Loan as well as illegal collection efforts commenced against Plaintiff by the named Defendants in this action.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Plaintiff s student loan was part of a subsidized Stafford loan program, where the interest rate on the loan was reduced by federal funds.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Defendants violated 15 U.S.C. $\S$ 1692f (6) by taking and threatening to take judicial action to effect dispossession or disablement of property in the form of Plaintiff s bank accounts and employment when there was no present right to collect through an enforceable security interest.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Defendants violated 15 U.S.C. $\S$ 1692f (l) by demanding fees and charges that were not due under the Loan, in order to cure.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

As a direct result of the foregoing, Plaintiff has been damaged in that he suffered severe emotional distress that was symptomatic and a real injury. Plaintiff has further sustained injury as a result of garnishment of his wages and levying of his bank account, which will require a separate injunctive order. Further, Plaintiff has now sustained attorney's fees.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Defendant SALLIEMAE intended that the transfer of the student loan by it to the depositor will constitute a valid sale and assignment of those loans.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Plaintiff alleges that the transfer of the student loan by SALLEMAE also constitutes a valid sale and assignment of his loan.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Nevertheless, if the transfer of the student loan by SALLEMAE to the depositor, or the transfer of Plaintiff s loan to the eligible lender trustee, is deemed to be an  assignment  of collateral as security, then a security interest in the student Joan may be perfected under the provisions of the Higher Education Act, by either taking possession of the promissory note or a copy of the master promissory note evidencing the loan or by filing of notice of the security interest in the manner provided by the applicable Uniform Commercial Code for perfection of security interests in accounts.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

By filing and further continuing to pursue the delinquency, Defendants violated and continue to violate 15 U.S.C. § 1692f (6) by taking and threatening to take action when there is and never has been an enforceable security interest. Plaintiff has demanded cure amounts and Defendants have repeatedly submitted figures with default related fees.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

As such Defendants violated 15 U.S.C. § 1692f (1) by demanding fees and charges that were not due under the Loan, in order to cure as Plaintiff never did anything under the Loan to incur such fees.

**RESPONSE:  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.**

Plaintiff has never had an opportunity to address the erroneous default, and furthermore, the statute of limitations has passed by which to institute collection(s) efforts.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Plaintiff alleges that at all times herein mentioned Defendants were acting by and through its agents, servants and employees acting within the course and scope of their employment with Defendants.

**RESPONSE:  Defendant admits that it acts by and through its agents and employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44. Defendants NES and NAVIENT provide collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

**RESPONSE:  Defendant admits that it attempts to collect accounts alleged to be due and owing to another.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

NES regularly attempts to collect debts by contacting the consumer by telephone. NES is a person who regularly and in the ordinary course of business furnishes information to one or more CRAs about its transactions or experiences with its consumers.

**RESPONSE:   Defendant admits that it uses the telephone when it attempts to collect accounts alleged to be due and owing to another.  Defendant further admits that there are instances in which it furnishes information to one of more of the CRAs. However, Defendant denies that it reported an account alleged to be due and owing by the Plaintiff to the credit bureaus and further denies that it was subject to the FCRA in this matter.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

NES routinely receives complaints from consumers who claim they do not owe the debt NES attempts to collect, either because NES has contacted the wrong person or the debt has been satisfied previously. In numerous instances, consumers notify NES at the address specified for such disputes that NES is reporting inaccurate information concerning the consumers' credit to the CRAs. These consumers typically also show mistaken identity or proof of payment as proof that the information reported by NES is inaccurate.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

This is on point with Plaintiff's Instant suit at bar.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

NES has continued to report inaccurate information to the CRAs on Plaintiff s Loan even after receiving such notice and accompanying proof. Defendant NBS receives most notices of disputes from a CRA in electronic format, through automated consumer dispute verification ("ACDV") forms.

**RESPONSE:  Defendant denies that it reported an account alleged to be due and owing by the Plaintiff to the credit bureaus.  Defendant further denies that it received an ACDV from the CRAs with respect to Plaintiff or an account alleged to be due and owing by him. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

Pursuant to Section 623(b)(l) of the FCRA, NES, as a furnisher of information to the CRAs, is required to conduct an investigation of the disputed information upon receipt of a notice of dispute from a CRA. This has not been done.

**RESPONSE:  Defendant denies that it reported an account alleged to be due and owing by the Plaintiff to the credit bureaus.  Defendant further denies that it was required to conduct an investigation with respect to Plaintiff as it was not reporting Plaintiff's account and it never received an ACDV from the CRAs with respect to Plaintiff or an account alleged to be due and owing by him.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

In  numerous instances, Plaintiff, despite  written notification disputing  the  accuracy or completeness  of alleged debts, and proof demonstrating Plaintiff does not owe the debt, NES has continued to characterize the debt as owed in its collection efforts.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Despite Plaintiff's written or oral notification disputing the accuracy or completeness of alleged debts, Defendant NES  continued  to  furnish  the  information  to  the  CRAs  without communicating that the information was disputed by the consumer.

**RESPONSE:  Defendant denies the allegations contained in this paragraph as it was not reporting Plaintiff's account to the credit bureaus.**

Defendants NES  and  NAVIENT  each  had  the  authority  to  control  and  direct  the  debt collection activities of  SALLIEMAE, or  has  participated  in  the  misrepresentations and other misconduct  of SALLIEMAE in connection with the collection of debts, and knew or should have known of the misrepresentations  and other misconduct of SALLIEMAE.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

## THE FAIR CREDIT REPORTING ACT

The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date.

**RESPONSE:   Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1, 1997. 24. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

**RESPONSE:  Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

## VIOLATIONS  OF THE FAIR CREDIT REPORTING  ACT

Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs.

**RESPONSE:  Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

Section 623(a)(l)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

**RESPONSE:  Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

In numerous instances, Plaintiff has contacted Defendants NES and NAVIENT at the address specified to dispute information about him furnished to a CRA and to notify Defendants that the information is inaccurate. In numerous instances, Plaintiff has provided proof of payment to show that information about the debt on his credit report are inaccurate.

**RESPONSE:  Defendant denies the allegations contained in this paragraph that are directed at it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

Despite having proof from the consumer to the contrary, in numerous instances, Defendants NES and NAVIENT continued to furnish information to a CRA relating to Plaintiff when (a) NES and NAVIENT were notified by Plaintiff at an address specified by NES and NAVIENT that specific information was inaccurate and (b) the information, was in fact, inaccurate.

**RESPONSE:  Defendant denies the allegations contained in this paragraph as it was not reporting Plaintiff's account to the credit bureaus.**

The acts and practices alleged herein constitute violations of Section 623(a)(l)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(l)(B).

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Pursuant to Section 62l(a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(l), the acts and practices alleged herein also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Section 623(b)(l) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i(a)(2), and to report the results of

the investigation to the CRA.

**RESPONSE:  Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

This was not done.

**RESPONSE:  Defendant denies that it received a notice of dispute from a CRA with respect to Plaintiff as it was not reporting Plaintiff's account to the CRAs.**

Plaintiff alleges in numerous instances, Defendants NES and NAVIENT do not conduct a meaningful investigation, or an investigation at all, when it received a notice of dispute from a CRA. The acts and practices alleged herein constitute violations of Section 623(b) of the FCRA, 15 U.S.C. § 1681s-2(b). Pursuant to Section 62l (a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(l ), the acts and practices alleged in Paragraph 31 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**RESPONSE:  Defendant denies that it received a notice of dispute from a CRA with respect to Plaintiff as it was not reporting Plaintiff's account to the CRAs.  Defendant further denies the remaining allegations contained in this paragraph.**

Plaintiff alleges that in connection with Defendants' attempt to collect the debt, Defendants instituted, pursued and continue to pursue a wage garnishment and other veiled threats against Plaintiff. True and correct copies of said demand letter issued well past the statute of limitations to collect are attached herewith.

**RESPONSE:  Defendant admits that it provided Plaintiff with notice of a potential wage garnishment and initiated wage garnishment procedures.  Defendant denies that it operated outside the applicable statute of limitations.  Defendant further states that the exhibits attached to Plaintiff's Amended Complaint speak for themselves.  Defendant denies the remaining allegations contained in this paragraph.**

Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished by any person to any CRA is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA.

This provision was undoubtedly not complied with. The acts and practices alleged herein constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 168ls-2(a)(3).

**RESPONSE: Defendant states that the FCRA speaks for itself.   Defendant denies the remaining allegations contained in this paragraph.**

Pursuant to Section 62l(a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(l), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**RESPONSE: Defendant states that the FCRA speaks for itself.   Defendant denies the remaining allegations contained in this paragraph.**

In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status with respect to Plaintiff in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

b. In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e (8).

The acts and practices alleged herein constitute violations of Section 807 of the FDCPA, 15 USC § 1692e.

**RESPONSE: Defendant denies the allegations contained in this paragraph.**

Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged herein also constitute unfair or deceptive acts or practices in violation of Section 5(a)

of the FTC Act, 15 U.S.C. § 45(a). Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.

**RESPONSE:  Defendant states that the FDCPA and FTC speak for themselves.   Defendant denies the remaining allegations contained in this paragraph.**

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that:  (a) Defendants NES and NAVIENT will not continue to violate the FTC Act, the FCRA, and the FDCPA and (b) Defendants NES and NAVIENT a will not continue to violate the FTC Act and the FDCPA and continue to garnish Plaintiff's wages and levy his bank account without injunctive relief.

Plaintiff prays for the aforementioned remedies.

**RESPONSE:   Defendant states that the statutes cited in the above section speak for themselves.   Defendant denies the remaining allegations contained in this section.**

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA, FDCPA, AND FTC ACT

Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

**RESPONSE:   Defendant states that the statutes cited in the above section speak for themselves.   Defendant denies the remaining allegations contained in this section.**

## CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

Section 621 of the FCRA, 15 U.S.C. *§* 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

**RESPONSE:  Defendant states that the FCRA speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies said allegations.**

Each instance in which Defendants NES and NAVIENT have violated Sections 623(a)(3) and 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Defendants NES and NAVIENT have engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

Defendants NES and NAVIENT have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(l)(A) of the FTC Act, 15 U.S.C. § 45(m)(l)(A).

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Each instance within five (5) years preceding the filing of this Complaint, in which Defendants NES and NAVIENT have failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

Section 5(m)(l)(A) of the FTC Act, 15 U.S.C. § 45(m)(l)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 16921, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

**RESPONSE:  Defendant denies the allegations contained in this paragraph.**

**Defendant specifically denies all other allegations set forth in Plaintiff's Amended Complaint that are not otherwise specifically admitted or denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

3. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which he may have suffered, if any.

5. Defendant did not make any false or misleading representations to Plaintiff or anyone else.

6. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

7. At all pertinent times, Defendant acted in good faith.

8. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

9. If Plaintiff suffered any damages, any and all such damages were a proximate result of the combined negligence of Plaintiff and persons and/or entities not under the control of Defendant.

10. Plaintiff cannot state a claim pursuant to the FTCA as it does not contain a private cause of action.

11. Plaintiff cannot state a claim pursuant to the FCRA because Defendant NES was not reporting the account at issue to the CRAs.

12.   Defendant states that it reserves the right to assert additional affirmative defenses as discovery warrants.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

ECKERT SEAMANS CHERIN
& MELLOTT, LLC

DATED:  July 18, 2016                    _/s/   Kevin Harden, Jr._
                                         Kevin Harden, Jr., Esquire, ID. No. 310164
                                         Two Liberty Place
                                         50 South 16th Street, 22nd Floor
                                         Philadelphia, PA  19102
                                         _kharden@eckertseamans.com_
                                         (215) 851-8400 (Telephone)
                                         (215) 851-8383 (Telecopy)


                                         Robert J. Hannen, ID. No. 63432
                                         US Steel Tower
                                         600 Grant Street, 44th Floor
                                         Pittsburgh, PA  15219-2788
                                         _rhannen@eckertseamans.com_
                                         (412) 566-6000 (Telephone)
                                         (412) 566-6099  (Telecopy)

                                         Attorneys for Defendant,
                                         _National Enterprise Systems, Inc._

## CERTIFICATE OF SERVICE

I, Kevin Harden, Jr., hereby certify that on July 18, 2016, a true and correct copy of the foregoing Defendant, National Enterprise Systems, Inc.'s Answer To Plaintiff's Amended Complaint was served upon the parties listed below via CM/ECF upon all parties registered to receive electronic notices in this case upon the following:

Thomas M. Brodowski, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103

and served via United States First Class mail upon the following:

David Cushing, *Pro Se*
4201 Neshaminy Blvd., Suite 10821
Bensalem, PA  19020-1609

*/s/  Kevin Harden, Jr.*
Kevin Harden, Jr.

*M1535254.DOCX*