## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David J. Cushing, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  16-0595 |
| | : | |
| v. | : | |
| | : | |
| Student Loan Marketing Assoc., as Trustee | : | |
| for the SLM Student Loan Trust 2003-3; | : | |
| National Enterprise Systems, Navieni, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>O R D E R</u>

**AND NOW**, this      day of            , 2016, upon consideration of Defendant, National Enterprise Systems, Inc.'s Motion for Judgment on the Pleadings and Memorandum of Law In Support Thereof, and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.  Plaintiff's claims asserted in his Amended Complaint against Moving Defendant are hereby **DISMISSED WITH PREJUDICE.**

BY THE COURT:

_____
HONORABLE GERALD A. MCHUGH
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| David J. Cushing, | : | CIVIL ACTION |
|      Plaintiff, | : | |
| | : | NO. 16-0595 |
| v. | : | |
| | : | |
| Student Loan Marketing Association, as | : | |
| Trustee from the SLM Student Loan Trust | : | |
| 2003-3, et al., | : | |
| | : | |
|      Defendants. | | |

## DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes Defendant National Enterprise Systems, Inc. ("Defendant NES"), by and through counsel and pursuant to Federal Rules of Civil Procedure Rule 12(c), to respectfully request that this Honorable Court dismiss Plaintiff's claims against Defendant NES. A memorandum in support of this motion is attached hereto and incorporated herein.

Respectfully Submitted,

DATED:  August 19, 2016

_/s/  Kevin Harden, Jr._
Kevin Harden, Jr., Esquire, ID. No. 310164
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
_kharden@eckertseamans.com_
(215) 851-8400 (Telephone)
(215) 851-8383 (Telecopy)

Robert J. Hannen, ID. No. 63432
US Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA  15219-2788
*rhannen@eckertseamans.com*
(412) 566-6000 (Telephone)
(412) 566-6099  (Telecopy)

*Attorneys for Defendant,*
*National Enterprise Systems*, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| David J. Cushing, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  16-0595 |
| | : | |
| v. | : | |
| | : | |
| Student Loan Marketing Assoc., as Trustee | : | |
| for the SLM Student Loan Trust 2003-3; | : | |
| National Enterprise Systems, Navieni, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS'
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**<u>MEMORANDUM</u>**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff initiated this matter on February 5, 2016.  After filing its Answer to Plaintiff's Complaint, Defendant National Enterprise Systems, Inc. ("Defendant NES") filed a Motion for Judgment on the Pleadings asking the Court to dismiss Plaintiff's claims.  Doc # 14.  Plaintiff did not file a response to Defendant NES' motion for judgment on the pleadings.  The Court granted Defendant NES' Motion for Judgment on the Pleading but gave Plaintiff twenty-one days to file an Amended Complaint.  Doc. #15.  Plaintiff eventually filed an Amended Complaint, but he did so outside the time limit provided by the Court.  Doc. # 16. Defendant NES filed an Answer to Plaintiff's Amended Complaint denying that it violated the statutes cited in the Amended Complaint.  Doc. #18.  Defendant NES also denied that it ever reported an account alleged to be due and owing by Plaintiff to the credit bureaus.  Id. at p. 7.   In response to Plaintiff's Amended

Complaint, the named Co-Defendants filed a new Motion to Dismiss Plaintiff's claims. Defendant NES incorporates the arguments raised in Co-Defendant's Motion to Dismiss herein.

Defendant NES now requests that the Court dismiss the claims contained in Plaintiff's Amended Complaint.  Plaintiff has failed to state a claim against Defendant NES and failed to cure the errors addressed in Defendant NES' initial motion for judgment on the pleadings. Defendant NES hereby incorporates its original Motion for Judgment on the Pleadings herein.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3rd Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3rd Cir. 2004). In considering a motion for judgment on the pleadings, a court may consider the well-pleaded facts in the complaint, and may also consider the answer and written instruments attached to the pleadings. *Churchill v. Star Enters.*, 3 F.Supp.2d 625, 626 (E.D. Pa. 1998); *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3rd Cir. 2004).

A judgment on the pleadings will be granted when "'the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3rd Cir. 2008) (citation omitted). A court should view the facts, and "draw all inferences in the light most favorable to the non-moving party." *Id.* Under Rule 12(b)(6), the complaint must allege "'enough facts to state a claim for relief that is plausible on its face.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court need not,

2

however, credit 'bald assertions' or 'legal conclusions,' nor should it accept 'unwarranted inferences' when deciding a motion to dismiss." *Marks v. Struble*, 347 F.Supp.2d 136, 143 (D.N.J. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997)).

When deciding a Rule 12(b)(6) motion to dismiss, a court generally only considers "the allegations in the complaint, exhibits attached to the complaint, and public records." *Id.*, citing *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 190 n.3 (3d Cir. 1999). A court generally cannot "consider matters extraneous to the pleadings" but may, however, consider all documents that are "integral to or explicitly relied upon in the complaint." *Id.* (quotations and citation omitted). When deciding a motion to dismiss, a court may also consider "documents that are attached to or submitted with the complaint, . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3rd Cir. 2006); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007). Judicial proceedings constitute public records and courts may take judicial notice of another court's opinions. *See Sands*, 502 F.3d at 268 (citing *Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3d Cir. 1999)).

### B.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT NES

#### 1.   Plaintiff cannot establish an FTCA claim against Defendant NES as the FTCA does not contain a private cause of action.

In his Amended Complaint, Plaintiff alleges that NES somehow violated the FTCA. However, the FTCA does not contain a private cause of action as it is only enforceable by the Federal Trade Commission. *See* 15 U.S.C.A. § 57b(a)(1); *Vino 100, LLC v. Smoke on the Water, LLC*, 854 F.Supp.2d 269, 281 (E.D. Pa. 2012); *Johnson v. Trans Union, LLC*, 2013 WL

2182789 at *4 (E.D. Pa. May 21, 2013)("…any claim by Plaintiff under the FTC fails because 'private parties are not authorized to file enforcement actions, only the FTC has that authority.'"[citation omitted]); *Carpenter v. Kloptoski*, 2010 WL 891825, at * 11 (M.D. Pa. Mar. 10, 2010) ("There is no private right of action under Federal Trade Commission Act."). Therefore, Plaintiff's FTCA claim as stated against Defendant NES fails as matter of law and should be dismissed, with prejudice.

**2.     Plaintiff's Amended Complaint fails to state an FCRA claim against Defendant NES.**

In his Amended Complaint, Plaintiff has added an FCRA claim against Defendant NES. Plaintiff has failed to properly plead an FCRA claim against Defendant NES because: (1) he has failed to include allegations demonstrating that his claim is within the applicable statute of limitations; (2) there is no private cause of action under § 1681s-2(A); and (3) Plaintiff's Amended Complaint lacks the allegations necessary to demonstrate a § 1681s-2(B) claim.

Plaintiff alleges that he contacted Defendant NES "at an address specified by NES" to notify NES that the information being reported by Defendant NES to the credit bureaus was inaccurate.  Plaintiff further alleges that Defendant NES continued to report this information despite being notified by Plaintiff of its inaccuracy.  Amd. Cmp. p. 7.  Plaintiff also claims that Defendant NES failed to conduct a reasonable investigation after receiving Plaintiff's dispute. Id. at p. 8.

In pertinent part, 15 U.S.C. § 1681s-2 provides:

(a) Duty of furnishers of information to provide accurate information
        (1) Prohibition
        (A) Reporting information with actual knowledge of errors
        A person shall not furnish any information relating to a consumer to any
        consumer reporting agency if the person knows or has reasonable cause to
        believe that the information is inaccurate.
        (B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if--

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

\*        \*        \*

(3) Duty to provide notice of dispute

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

\*        \*        \*

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

Plaintiff will not be able to establish an FCRA claim against Defendant NES.  Defendant

NES did not report an account due and owing by Plaintiff to the credit bureaus.  Thus, it is

impossible for Plaintiff to state a cause of action against Defendant NES for credit reporting activity when Defendant NES was not reporting an account.

Furthermore, Plaintiff has failed to properly plead an FCRA claim against Defendant NES. First, he fails to state the date upon which he allegedly discovered the improper credit reporting. Plaintiff also does not state a specific time period for the alleged violations or the dates upon which he claims he provided notice to Defendant NES. Plaintiff merely states that he contacted Defendant NES "in numerous instances." Thus, Plaintiff has failed to allege that the violations occurred within the applicable statute of limitations.

If Plaintiff is trying to bring a cause of action under § 1681s-2(a), that claim must fail as a matter of law because there is no private cause of action under § 1681s-2(a). See *Harris v. PHEAA*, 2016 WL 3473347 at *5 (E.D. Pa. June 24, 2016), citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *2 (E.D. Pa. May 9, 2016); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 541 (E.D. Pa. 2015). Only federal and state authorities may enforce this subsection. Id.

Plaintiff has also failed to plead a claim pursuant to § 1681s-2(b). In order to state a claim under § 1681s-2(b), a plaintiff must plead: (1) that he filed a notice of dispute with a consumer reporting agency; (2) the consumer reporting agency notified the furnisher of information of the dispute; and (3) the furnisher of information failed to investigate and modify the inaccurate information. *Harris*, supra at *6, citing *Parker v. Nationstar Mortgage LLC*, No. 15-874, 2015 WL 6472223, at *7 (W.D. Pa. Oct. 27, 2015); *Martin v. Covergent Outsourcing, Inc.* No. 14-377, 2014 WL 866499, at *6 (M.D. Pa. Mar. 5, 2014); *Paredes v. Sallie Mae*, No. 11-2470, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011).

In his Amended Complaint, Plaintiff did not allege that he filed a notice of dispute with the credit bureaus.  Instead, Plaintiff alleges that he contacted Defendant NES directly about his dispute.  In addition, Plaintiff has failed to allege that Defendant NES received a notice from the credit bureaus that Plaintiff was disputing the account.[1]  Therefore, Plaintiff has failed to plead a § 1681s-2(b) claim against Defendant NES.

For all of these reasons, Plaintiff's FCRA claim against Defendant NES should be dismissed.

### 3.  Plaintiff's Complaint lacks any factual allegations directed to Defendant NES to support his FDCPA claims.

Plaintiff's claims against Defendant NES should be dismissed as he has failed to assert any factual allegations to support his claims.  Plaintiff's claims are directed at all of the "Defendants" and do not contain factual allegations that outline the individual acts or omissions of Defendant NES.  Furthermore, Plaintiff merely makes conclusory allegations to support his FDCPA claims.  For example, he states that Defendants violated the FDCPA by attempting to collect improper fees and charges.  However, Plaintiff does not identify the entity that added said fees, nor does he discuss the amount of those fees.  Additionally, Plaintiff's Amended Complaint lacks any factual allegations describing Defendant NES' involvement with the addition of the fees and charges.  Plaintiff merely alleges that "Defendants" violated the FDCPA by attempting to collect these fees and charges.  This conclusory allegation, without factual allegations to support it, is insufficient to sustain an FDCPA claim against Defendant NES.

This holds true for allegations that seem to be describing wage garnishment.  Plaintiff generally alleges that the "Defendants" violated the FDCPA by "taking and threatening to take judicial action to effect dispossession or disablement of property in the form of Plaintiff's bank

---

[1] As discussed, it would be impossible for Defendant NES to receive notice from the credit bureaus about Plaintiff's account because Defendant NES was not reporting an account due and owing by Plaintiff to the credit bureaus.

accounts and employment…"   However, Plaintiff fails to allege the nature of the actions or threatened actions that would constitute a violation of the FDCPA.  In fact, there are no facts in Plaintiff's Amended Complaint to support such an FDCPA claim.  There are no allegations discussing the specific act or omission at issue or what specifically Defendant NES did, or did not do, that resulted in an FDCPA violation.  Plaintiff's generic allegations against all of the Defendants in this matter cannot sustain an FDCPA claim.  Furthermore, Plaintiff's allegations related to the general nature of Defendant NES' business are also not enough to support an FDCPA claim.

In sum, Plaintiff's Complaint lacks any factual allegations to support an FDCPA claim against Defendant NES.  Plaintiff's allegations are conclusory and do not contain sufficient facts to support those conclusions.  In addition, Plaintiff's allegations lump together all of the named "Defendants" and do not contain allegations specific to Defendant NES.  Therefore, Plaintiff's claims against Defendant NES should be dismissed.

## III.   CONCLUSION

Based upon the foregoing, Defendant National Enterprise Systems, Inc. respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's claims against Defendant National Enterprise Systems, Inc. with prejudice.

Respectfully Submitted,

ECKERT SEAMANS CHERIN
& MELLOTT, LLC

DATED:  August 19, 2016                   /s/  Kevin Harden, Jr.
Kevin Harden, Jr., Esquire, ID. No. 310164
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102

8

*kharden@eckertseamans.com*
(215) 851-8400 (Telephone)
(215) 851-8383 (Telecopy)


Robert J. Hannen, ID. No. 63432
US Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA  15219-2788
*rhannen@eckertseamans.com*
(412) 566-6000 (Telephone)
(412) 566-6099  (Telecopy)

Attorneys for Defendant,
*National Enterprise Systems, Inc.*

9

## CERTIFICATE OF SERVICE

I, Kevin Harden, Jr., hereby certify that on August 19, 2016, a true and correct copy of the foregoing Defendant, National Enterprise Systems, Inc.'s Motion for Judgment on the Pleadings and Memorandum of Law In Support Thereof was served upon the parties listed below via CM/ECF upon all parties registered to receive electronic notices in this case upon the following:

Thomas M. Brodowski, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103

Eric M. Hurwitz, Esquire
Thomas M. Brodowski, Esquire
Stradley Ronon Stevens & Young, LLP
Liberty View
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002

and served via United States First Class mail upon the following:

David Cushing, *Pro Se*
4201 Neshaminy Blvd., Suite 10821
Bensalem, PA  19020-1609

_____*/s/   Kevin Harden, Jr.*_____
Kevin Harden, Jr.