# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. CUSHING,                              **Case No. 16-595**

        Plaintiff          **PLAINTIFF'S OPPOSITION TO DEFENDANT'S**

against                                        **MOTION FOR SUMMARY JUDGMENT**

STUDENT LOAN MARKETING
ASSOCIATION, AS TRUSTEE FOR THE
SLM STUDENT LOAN TRUST 2003-3;
NATIONAL ENTERPRISE SYSTEMS;
NAVIENT, INC.

        Defendants

Plaintiff David J. Cushing, (hereinafter referred as Plaintiff), pursuant to a Motion for Summary Judgement filed by Defendant National Enterprise Systems (hereinafter referred to as NES or Defendant) hereby opposes said motion as follows:

## STANDARD OF REVIEW

Summary judgment is a drastic remedy, and in this case, genuine issues of fact exist rendering summary judgment inapplicable. The issues of fact must be submitted to a jury, and their adjudication not denied to the parties.

The legal standards are stringent. Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Coleman v. Pa. State Police*, 2013 U.S. Dist. LEXIS 99609, *29-*30 (W.D. Pa. 2013) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "All reasonable 'inferences,

doubts, and issues of credibility should be resolved against the moving party.'" *Id.* at *30 (citing *Meyer v. Riegel Prod. Corp.*, 720 F.2d 303, 307, n. 2 (3d Cir. 1983)).

In the instant case at bar, not only is Summary Judgment premature without establishing any discovery by the parties, but also a highly unorthodox approach by Defendants as this matter is still at the pleading stage.

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether such relief is warranted, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 181 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson*, 477 U.S. at 251-52). "A genuine dispute is one that 'may reasonably be resolved in favor of either party.'" *Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 250). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

Here there can be no doubt there is a genuine issue of fact, as asserted by Plaintiff and therefore this motion must fail until proper discovery has been completed. Defendant has made zero showing that there are no triable issues of fact, and instead wish to dispose of this matter before any hearings are scheduled on the merits of the Complaint, and before a briefing schedule including a proposed discovery plan has been set.

In other words, this is a premature, woefully plead attempt to avoid discovery onto the matters presented by Plaintiff, and, as such, should be denied in its entirety.

2

When the record is not adequate to permit a conclusion that no material fact dispute exists, the entry of summary judgment is inappropriate. *Kral v. American Hardware Mut. Ins. Co.*, 784 P.2d 759 (Colo. 1989). And, no matter how enticing in an area of congested dockets is a device to dispose of cases without the delay and expense of traditional trials with their sometime cumbersome and time consuming characteristics, summary judgment was not devised for, and must not be used as, a substitute for trial. *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970).

Moreover, a summary judgment denies a litigant the right to trial of his case and should therefore not be granted where there appears any controversy concerning material facts.

And, the summary judgment procedure is not intended to deprive a litigant of the right to trial on the merits of the case. This rule is properly to be exercised only where the facts are clear and undisputed, leaving as the sole duly of the court the determination of the correct legal principles applicable thereto. Summary judgment is appropriate only in the clearest of cases, where no doubt exists concerning the facts.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact. All doubts as to the existence of such an issue must be resolved against the non-moving party.

And, a "genuine issue" cannot be raised by counsel simply by means of argument, be it before the trial court or on appeal; certainly the spirit of this rule suggests that if a party really contends that the area in question has in fact been roped off by proper authorities he has the duly to inform the trial court in the manner provided by this rule concerning summary judgments, and not to merely attempt to present the issue by hypothetical argument.

Summary judgment is really an issue over evidence.

The fact is, Plaintiff Cushing has sought discovery from the Defendant in this case to establish the true nature of Defendant's actual equitable risk to recover the money loaned in this transaction that will show breach of contract by misrepresentation, withholding of material fact and fraudulent conversion of the borrower's asset to fund the loan by the Defendant, as alleged.

At this stage of this case discovery and what has been or will be produced to be evidence in this case is in dispute and unresolved, and the Honorable Court has had no opportunity to hear evidence by documentary presentation or testimony of witnesses in support of allegations or defenses of either side to discern what are the facts established and proven by evidence before it by which it will determine the merits of either argument.

There have been no hearings and no arguments heard by the court on any facts or evidence purporting to support them, and no examination of discovery and report of findings by competent parties as it is in dispute.

As a matter of law, all the court knows and can see presently is that material facts are in dispute and therefore, at this present time, the filing of summary judgment is premature.

And therefore, again, at this present time, the Court can make no final determinations of what is fact proven in evidence before it for its deliberations and can presently make no determinations to accept or reject anything purporting to be "facts" proven in any legal sense carrying with them the strength and force of law for application to this case on summary judgment and the motion cannot be granted.

Movement for summary judgment must show absence of any genuine issue of material fact or, in alternative, that there is no evidence to support non-moving party's case; once proper showing is made, burden shifts to adverse party to prove by sufficient evidence that genuine issue of

4

material fact is present for trial. *Atlas Enterprises Limited Partnership v. United States* 32 Fed. Cl. 704 (1995).

Yet without the issues of evidence before the court from discovery being resolved and completed so all may know what Plaintiff Cushing's evidence is, the Defendant cannot yet show the "absence of any genuine issue of material fact, and that there is no evidence to support non-moving party's case", because the court cannot know what evidence remains to be produced.

Thus for obvious reasons Summary Judgment cannot be considered.

Plaintiff Cushing's complaint is based on highly technical yet provable allegations of the fact that Defendant does not have the risk for recovery of the money loaned purported as a basis for the terms and obligations of the agreement on Plaintiff. And if such risk represented and allowed to be understood by its language and terms do not exist, Defendant has breached the contract from the beginning enforcing it against Plaintiff.

Defendant has ignored completely the article of Plaintiff Cushing's assertion that Defendant was estopped from its action by provisions of the Fair Debt Collection Practices Act (FDCPA) and has damaged Plaintiff in violation of the law in carrying out its suit without having first validated the debt as required under the law, and without a court order to garnish wages.

The facts are, as established by documentary evidence, of record here and already before the court, Plaintiff Cushing had sought verification of the debt and the Defendant had not provided the verification required by definition and statute under the FDCPA as requested. Defendant in fact, has still not provided adequate verification of said debt.

Plaintiff Cushing would show unto the Court, to this date Defendant has yet to provide any of the appropriate documentation necessary to validate this debt accordingly despite direct request for them do so, and which request is his right to receive from the Defendant.

5

Plaintiff would show unto the Court that it is fundamental for Defendant in validating that a debt exists, to establish that their client had loaned its own substance as valuable consideration that did already exist before the transaction that would allow creditor or collector in equity to demand payment. This is what Plaintiff had requested and what the law requires must be produced before collection efforts could rightly continue.

Yet it is clear Defendant has once again initiated collection of the alleged debt by beginning its legal action before Plaintiff would have had opportunity to be notified of Defendant's position in any dispute over the debt. And therefore began its legal action in violation of their own acknowledged requirements of temporary forbearance of such action under The Fair Debt Collection Practices Act until the requirements of the law had been met.

But Defendant has in fact, not verified or validated the debt before having begun its legal action even if its response had been received prior to its legal action beginning.

Plaintiff would show unto the Court with regard to legal validation and verification of a debt: There is no statutory definition of verification under the FDCPA therefore the ordinary meaning of the word; particularly in law defines the word. "In the absence of a statutory definition, courts give terms their ordinary meeting. *"Bass, Terri L. v. Stolper, Koritzinsky*, 111 F.3d 1325, 7thCir. Apps. (1996).

As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 -242 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102 -103 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last:" judicial inquiry is complete." *Rubin v. United States*, 449 U.S. 424, 430(1981)

"The legislative purpose is expressed by the ordinary meaning of the words used. "*Richards v. United States*, 369 U.S.1 (1962).

Verification, n. 1. A formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. ..." *Black's Law Dictionary, 7th Edition (1999)*.

Verification requires "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition.... In accounting, the process of substantiating entries in books of account." (*Black's Law Dictionary, Sixth Edition*). This refers to verifying the entire bookkeeping journal entries associated with a loan transaction being verified.

Attorneys who regularly engage in activities of debt collections fall within the definition of a debt collector under FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed.2d 395 (1995)

As the Court can see from the evidence here presented, requests for such verification had already been made of the Defendant, had been ignored, and were being made of Defendant's attorney pursuant to resolution of the debt after it had been verified and validated and he had received no response to any requests for validation of any type, that satisfy definition of law, before the legal action was begun.

By full of documentation noted herein Defendant is estopped from its action against Plaintiff by its own admission as to the requirements to which it is bound to validate the debt by definition of law under The Fair Debt Collection Practices Act.

Plaintiff is thereby being damaged by the time, and hardship involved in enduring Defendant's legal action, which should be stopped and by Defendant's refusal to obey the law,

Plaintiff has been further damaged by denial of the very evidence by which she might prove his case.

In its recitation of historical facts in this case Defendant fails to do this.

Plaintiff would respectfully remind the Court, according to case law here cited.

*In Anderson v. liberty Lobby, Inc.* 477 U.S. 242 (1986); and C*ity Mgm't Corp. v. US. Chemical Co., Inc.,* 43 .3d 244 (6th Cir. 1994), it was determined the role of a judge at summary judgment stage is not to weigh evidence but to determine whether there is genuine issue of material fact requiring trial that would make summary judgment improper.

The Court must carefully review all evidentiary matters before it; admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. in the light most favorable to the party against whom the motion for summary judgment is made. Essentially considered to mean, "When considering a motion for summary judgment, a Court must review the evidence in the light most favorable to the non-moving party and give the non-moving party the benefit of every doubt."

Further, according to *Ryland v. Shapiro*, 708 F.2d. 987 (5th Cir.1983), (and *Morris v. National Cash Register Co*., 44 S.W. 2d 433), Plaintiff Cushing's factual allegations in the complaint must be accepted as true, if not rebutted along with any reasonable inferences that may be drawn there from.

"Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits." *Ellis v. Pows*, 645 So. 2d. 947, 950 *also Brown V. Credit Ctr. Inc*. 444 So. 2d, 358, 362 (Miss 1983).

If any triable of issues of fact exist, the lower Court's decision to grant summary judgment will be reversed, *Free v. Bland,* 369 US 668

Premises considered, Defendant has failed to establish any basis in fact or in law to support summary judgment, summary judgment cannot be heard as there is no resolution or completion on the issue of evidence from discovery and what facts may finally be proven there from, and the motion should be denied and Plaintiff prays the court that it be so ordered.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Motion and order for Summary Judgment be denied, and for such other and further relief as the court deems just and appropriate.

Respectfully submitted this 15ᵗʰ day of September, 2016

_____

David J. Cushing, Plaintiff Pro Se
4201 Neshaminy Blvd., Suite 10821
Bensalem, PA 19020-1609

9

## PROOF OF SERVICE BY MAIL

On September 15th , 2016, I served the foregoing documents on all interested parties in this

action by placing a true and correct copy thereof in a sealed envelope, with first-class postage

prepaid thereon, and deposited said envelope in the United States mail addressed to:


Robert 1. Hannen, ID. No. 63432
US Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219-2788
*Attorney for Moving Defendant*

I declare under penalty of perjury that the foregoing is true and correct.


_____
David J. Cushing, *In Pro Per*