## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID J. CUSHING,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 16-595** |
| | : | |
| **STUDENT LOAN MARKETING** | : | |
| **ASSOCIATION et al.,** | : | |
| **Defendant.** | : | |

McHUGH, J.                                             SEPTEMBER  27, 2016

## <u>MEMORANDUM ORDER</u>

This action arises out of a dispute between Plaintiff David Cushing and his federal student loan servicers.  Cushing states that Defendants garnished his wages, demanded loan default fees, made "veiled threats" against him, and reported inaccurate information to credit reporting agencies in violation of federal law.  He does not identify the person who took each of these actions, does not specify when each action was taken, and does not state the means by which each purported action was taken.  Nor does he specify which Defendant did what.

Throughout his Amended Complaint, Mr. Cushing broadly claims that he does not owe the debt that Defendants wish to collect from him, but offers no facts supporting this conclusion.  Because I have no reason to believe Mr. Cushing's loan documents are unenforceable, I find that Defendants have acted permissibly under federal law.  I therefore **DISMISS** Mr. Cushing's Amended Complaint **WITH PREJUDICE**.

### I.

Defendants Student Loan Marketing Association and Navient have filed a Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6), and Defendant National

Enterprise Systems has filed a Motion for Judgment on the Pleadings under Rule 12(c).  The standard of review for these motions is the same.  *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  In evaluating a 12(b)(6) or a 12(c) motion, the court must accept a plaintiff's factual allegations as true and construe the complaint in the light most favorable to him. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  However, the court should ignore any unsupported conclusory statements.  *DiCarlo v. St. Mary Hosp.,* 530 F.3d 255, 263 (3d Cir. 2008).  Because the allegations in Plaintiff's Amended Complaint do not suggest illegal activity by Defendants, I will grant Defendants' Motions to Dismiss.

## II.

Mr. Cushing claims that Defendants' fee assessment and wage garnishment practices violate 15 U.S.C. §1692f(1), a provision of the Federal Debt Collection Practices Act prohibiting "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Mr. Cushing has not pled facts indicating that any Defendant's wage garnishment attempts or fee calculations were improper.  Debt collectors may garnish wages under the procedures outlined in 20 U.S.C. §1095a, and they may assess default fees so long as those fees are permitted by the terms of the original loan agreement.  *See* 15 U.S.C. §1692f.  Because Defendants appear to be in compliance with these statutes, Plaintiff has failed to state a claim under the FDCPA.

Mr. Cushing also states that Defendants made "veiled threats" against him.  If debt collectors engaged in such behavior it is troubling, but without factual allegations about the origin, content, or nature of these threats, this naked assertion cannot constitute a claim for

relief.  *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013); *Baraka v. McGreevey*, 481

F.3d 187, 195 (3d Cir. 2007).

## III.

Mr. Cushing argues that Defendants violated two provisions of the Federal Credit

Reporting Act:  15 U.S.C. §1681s-2(a) and 15 U.S.C. §1681s-2(b).  These claims are facially

inadequate.  Cushing cannot state a claim under §1681s-2(a) because there is no private right

of action under this section.  *See Harris v. PHEAA*, No. 16-693, 2016 WL 3473347, at *5

(E.D. Pa. June 24, 2016); *Cicala v. Trans Union, LLC*, 115 F. Supp. 3d 538, 541 (E.D. Pa.

2015).  Moreover, Mr. Cushing has not stated a claim under §1681s-2(b).  A §1682s-2(b)

claim requires that (1) a plaintiff has contacted a credit reporting agency (CRA) to report a

dispute, (2) the CRA has reported the dispute to Defendants, and (3) Defendants have failed to

investigate the dispute.  *See Harris*, 2016 WL 3473347, at *6 (citing *Parker v. Nationstar

Mortgage LLC*, No. 15-874, 2015 WL 866499 at *7 (W.D. Pa. Oct. 27, 2015)).  Plaintiff does

not suggest that he has contacted a CRA or that a CRA has contacted Defendants.

Accordingly, he cannot state a claim under §1681s-2(b).

## IV.

Cushing further alleges that Defendants have violated provisions of the Federal Trade

Commission Act.  No private right of action exists under the FTCA.  *See* 15 U.S.C.

§57b(a)(1); *Despot v. Allied Interstate, Inc.*, No. CV 15-15, 2016 WL 4593756, at *5 (W.D.

Pa. Sept. 2, 2016);  *Johnson v. Trans Union, LLC*, No. 12-5272, 2013 WL 2182789, at *4

(E.D. Pa. May 21, 2013); *Carpenter v. Kloptoski*, No. 08-2233, 2010 WL 891825, at * 11

(M.D. Pa. Mar. 10, 2010).  Plaintiff's FTCA claims thus fail as a matter of law.

## V.

This year, the average U.S. college graduate entered the workforce with over $37,000 in student loan debt.[1]  Policymakers at all levels of government have declared a student debt crisis, and economists have expounded widely on its potentially devastating impacts.  Plaintiff appears to be among the 43% of American borrowers who have fallen behind in paying back their federal student loans,[2] a situation that calls out for legislative relief.  There is, however, no cognizable claim for relief under current law.  I therefore dismiss Plaintiff's Amended Complaint with prejudice.

_____ /s/ Gerald Austin McHugh
United States District Judge

---

[1] Josh Mitchell, *Student Debt is About to Set Another Record, But the Picture Isn't All Bad*, Wall Street Journal Blogs, May 2, 2016, http://blogs.wsj.com/economics/2016/05/02/student-debt-is-about-to-set-another-record-but-the-picture-isnt-all-bad/ (Sept. 20, 2016, 5:01 p.m.).

[2] Josh Mitchell, *More than 40% of Student Borrowers Aren't Making Payments*, Wall Street Journal Blogs, Apr. 7, 2015,  http://www.wsj.com/articles/more-than-40-of-student-borrowers-arent-making-payments-1459971348 (Sept. 20, 2016, 5:05 p.m.).