## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. CUSHING,

        Plaintiff

 against

STUDENT LOAN MARKETING
ASSOCIATION, AS TRUSTEE FOR THE
SLM STUDENT LOAN TRUST 2003-3;
NATIONAL ENTERPRISE SYSTEMS;
NAVIENT, INC.

        Defendants

Case No. 16-595

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

      **COMES NOW** David J. Cushing, (hereinafter referred as "Plaintiff"), and herby files

and incorporates this Memorandum of points and authorities in Support of his Emergency

Motion for Temporary Restraining Order and Preliminary Injunction barring and/or cancelling

any present, and future wage and/or bank garnishments on an alleged debt, which was, and is the

subject of this litigation

### INTRODUCTION

     This case arises out of a delinquent student loan obligation, subsequent securitization of the

Loan as well as illegal collection efforts commenced against Plaintiff by the named Defendants

in this action.

     Plaintiff's student loan was part of a subsidized Stafford loan program, where the interest rate

on the loan was reduced by federal funds.

Defendants violated 15 U.S.C. § 1692f (6) by taking and threatening to take judicial action to effect dispossession or disablement of property in the form of Plaintiff's tax returns and employment when there was no present right to collect through an enforceable security interest.

Defendants violated 15 U.S.C. § 1692f (1) by demanding fees and charges that were not due under the Loan, in order to cure. As a direct result of the foregoing, Plaintiff has been damaged in that he suffered severe emotional distress that was symptomatic and a real injury. Plaintiff has further sustained injury as a result of garnishment of his wages, which will require a separate injunctive order. Further, Plaintiff has now sustained attorney's fees.

Defendant SALLIEMAE intended that the transfer of the student loan by it to the depositor will constitute a valid sale and assignment of those loans. Plaintiff alleges that the transfer of the student loan by SALLEMAE also constitutes a valid sale and assignment of his loan.

Nevertheless, if the transfer of the student loan by SALLEMAE to the depositor, or the transfer of Plaintiff's loan to the eligible lender trustee, is deemed to be an assignment of collateral as security, then a security interest in the student loan may be perfected under the provisions of the Higher Education Act, by either taking possession of the promissory note or a copy of the master promissory note evidencing the loan or by filing of notice of the security interest in the manner provided by the applicable Uniform Commercial Code for perfection of security interests in accounts. Notably, this was not done.

By further continuing to pursue the delinquency, Defendants violated and continue to violate 15 U.S.C. § 1692f (6) by taking and threatening to take action when there is not and never has been an enforceable security interest. Plaintiff has demanded cure amounts and Defendants have repeatedly submitted figures with default related fees.

As such Defendants violated 15 U.S.C. § 1692f (1) by demanding fees and charges that were not due under the Loan, in order to cure as Plaintiff never did anything under the Loan to incur such fees.

Plaintiff has never had an opportunity to address the erroneous default, and furthermore, the statute of limitations has passed by which to institute collection(s) efforts. Plaintiff alleges that at all times herein mentioned Defendants were acting by and through its agents, servants and employees acting within the course and scope of their employment with Defendants.

At all times material to this action, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44. Defendants NES and NAVIENT provide collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

NES regularly attempts to collect debts by contacting the consumer by telephone. NES is a person who regularly and in the ordinary course of business furnishes information to one or more CRAs about its transactions or experiences with its consumers.

NES routinely receives complaints from consumers who claim they do not owe the debt NES attempts to collect, either because NES has contacted the wrong person or the debt has been satisfied previously. In numerous instances, consumers notify NES at the address specified for such disputes that NES is reporting inaccurate information concerning the consumers' credit to the CRAs. These consumers typically also show mistaken identity or proof of payment as proof that the information reported by NES is inaccurate.

This is on point with Plaintiff's Instant suit at bar.

NES has continued to report inaccurate information to the CRAs on Plaintiff's Loan even after receiving such notice and accompanying proof. Defendant NES receives most notices of disputes from a CRA in electronic format, through automated consumer dispute verification ("ACDV") forms.

Pursuant to Section 623(b)(1) of the FCRA, NES, as a furnisher of information to the CRAs, is required to conduct an investigation of the disputed information upon receipt of a notice of dispute from a CRA. This has not been done.

In numerous instances, Plaintiff, despite written notification disputing the accuracy or completeness of alleged debts, and proof demonstrating Plaintiff does not owe the debt, NES has continued to characterize the debt as owed in its collection efforts. Despite Plaintiff's written or oral notification disputing the accuracy or completeness of alleged debts, Defendant NES continued to furnish the information to the CRAs without communicating that the information was disputed by the consumer.

Defendants NES and NAVIENT each had the authority to control and direct the debt collection activities of SALLIEMAE, or has participated in the misrepresentations and other misconduct of SALLIEMAE in connection with the collection of debts, and knew or should have known of the misrepresentations and other misconduct of SALLIEMAE.

## ARGUMENT

The Court considers four factors to determine whether to issue a TRO: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." Ne. Ohio Coal. for Homeless & Serv. Amps. Int'l Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th

4

Cir. 2006) (considering the same factors used to determine whether court should stay a TRO). See Also Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co. (Franklin County 1996), 109 Ohio App.3d 786, 790, 673 N.E. 2d 182; citing Valco Cincinnati, Inc. v. N & D Machining Serv., Inc. (1986), 24 Ohio St.3d 41, 492 N.E. 2d 814.

"Although these four factors guide the discretion of the district court, they do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief." Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982).

The first factor—the likelihood of success on the merits—is the most important factor to the Court's analysis. See Jones v. Caruso, 569 F.3d 258, 277 (6th Cir. 2009) (preliminary injunction analysis). In this matter, Plaintiff undoubtedly shall, and will succeed on the merits, as more particularly described herein.

## A. **Plaintiff Shall Prevail on The Merits**

In this case, a temporary restraining order and a preliminary injunction are both necessary and appropriate because Plaintiff, based on the trial record, has a strong likelihood of success, and would suffer immediate and irreparable harm if such interim relief is denied.

It should be noted that denial of this request will result in irreparable harm, to wit, the deprivation of Plaintiff's legally protected, which shall be devastating upon Plaintiff.

Granting the request will not result in any harm to the nonmoving parties. As such, Plaintiffs have satisfied the first criteria specified under Fed. R. Civ. P. Rule 65(b),

## B. **Likelihood of Irreparable Harm**

Irreparable harm exists when there is a substantial threat of material injury that cannot be adequately compensated through monetary damages. Garono v. State (1988), 37 Ohio St.3d 171.

5

If the garnishment of Plaintiff's assets, including his tax returns proceeds as scheduled, Plaintiff will lose his income. Losing one's income is an irreparable injury. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). Plaintiff has thus demonstrated the likelihood of irreparable injury absent judicial intervention.

### C. Public Interest

A Plaintiff seeking a temporary restraining order or preliminary injunction must demonstrate that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., U.S. 129 S.Ct. 365, 374 (2008).

Because Plaintiff has demonstrated likelihood of success on the merits, Plaintiff has thus shown that the public interest favors granting this request for a temporary restraining order.

### Balance of Hardships

In order to obtain injunctive relief, a plaintiff must establish that "the balance of equities tips in his favor." Winter, 129 S.Ct. at 374. The district court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 376 (quoting Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542 (1987).

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 129 S.Ct. at 376-77 (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)).

The balance of hardships weighs in Plaintiff's favor.

**WHEREFORE**, Plaintiff, having met the requisite burden of a Temporary Restraining Order, requests a postponement or cancellation of any attempted garnishment of Plaintiff's income and/or bank account(s), and for such other relief as may be afforded.

6

Respectfully submitted this 24th day of October 2017

David J. Cushing, Plaintiff Pro Se
1374 Almond Rd.
Vineland, NJ 08360